IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THOMAS EDWARD GALLO,

      Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

      Defendant.

1:14-cv-2704-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff Thomas Edward Gallo's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 [17] (the "Motion").

### I.    BACKGROUND

On November 14, 2015, the Court issued an order reversing and remanding the Commissioner's decision for further proceedings. ([15]). The same day, judgment was entered. ([16]). On January 8, 2016, Plaintiff, through his counsel, filed his Motion, seeking an attorney's fee award of $7,495.03 and $15.39 in costs.

On January 22, 2016, the Commissioner filed its Response [18]. The Commissioner contends an award of attorney's fees is not warranted, because the

Commissioner's rejection of benefits was substantially justified. In the alternative, the Commissioner argues Plaintiff's request for hours worked is excessive.

## II.  DISCUSSION

### A.  Legal Standard

The EAJA provides that a court "shall" award costs and attorney's fees to a party who prevails against the United States in a non-tort civil action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who obtains a sentence-four remand reversing the Commissioner's denial of benefits is a prevailing party for purposes of the EAJA. Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

The EAJA provides for recovery of "reasonable attorney's fees." 28 U.S.C. § 2412(d)(2)(A). Plaintiff bears the burden of showing that the hours requested are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). Reasonable hours are billable hours. See Perkins v. Mobile Hous. Bd., 847 F.2d 735, 738 (11th Cir. 1988).

B.    Analysis

1.    Substantial Justification

The Commissioner contends an award of attorney's fees is not warranted, because the Commissioner's rejection of benefits was substantially justified. "The government bears the burden of showing that its position was substantially justified." United States v. Jones, 125 F.3d 1418, 1425 (11th Cir.1997) (citation omitted). "The government's position is substantially justified under the EAJA when it is 'justified to a degree that would satisfy a reasonable person'—i.e. when it has a reasonable basis in both law and fact." United States v. Douglas, 55 F.3d 584, 588 (11th Cir.1995) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

Here, the Court finds the Commissioner was not substantially justified in defending the ALJ's decision because the ALJ's decision did not comply with the required legal standards. See Lawton v. Astrue, No. 5:09-CV-239 MTT, 2012 WL 1119459, at *3 (M.D. Ga. Apr. 3, 2012). To ensure that proper weight is accorded to the opinion of a treating physician, the Commissioner must provide "explicit and adequate" reasons for rejecting that opinion. Elam v. R.R. Ret. Bd., 921 F.2d 1210, 1215 (11th Cir. 1991). The Court found the ALJ provided "no justification for disregarding Dr. Mills's opinion," and thus remanded to the Commissioner for

further consideration. (November 11, 2015, Order at 10, 12). The Commissioner's defense of the ALJ's legally inadequate decision was not substantially justified, and Plaintiff is entitled to reasonable attorney's fees.

2.  Reasonableness of Fees

The Commissioner next argues that Plaintiff's request for hours worked is excessive. Plaintiff seeks fees for 36.70 hours of attorney work performed, and 7.70 hours of paralegal time. "The typical attorney work time expended in an EAJA case ranges between twenty (20) and forty (40) hours. Perkins v. Astrue, No. 1:09-CV-60 WLS, 2011 WL 7794078, at *2 (M.D. Ga. Oct. 11, 2011) (citing Patterson v. Apfel, 99 F.Supp.2d. 1212, 1214 n.2 (C.D.Cal.2000) (survey of social security disability cases suggests an average range of twenty to forty hours); see also Hogan v. Astrue, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008) (reducing requested attorney's fees by 5% where 54 hours was deemed "slightly excessive" considering transcript size, substantive issues involved, and simple case history).

Here, the Court having reviewed the 36.70 hours of attorney work and 7.70 hours of paralegal time find them to be reasonable, particularly in light of the 826-page administrative transcript. Plaintiff also seeks an additional 4.0 hours preparing the reply brief, "which was necessary as Defendant improperly threatened all fees in this case with a baseless substantial justification

challenge . . . ." ([19] at 10).  The Court finds an award of 40.70 attorney hours and 7.70 paralegal hours is reasonable.

With respect to the hourly rate, the EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [from March 1996] justifies a higher fee."  28 U.S.C. 2412(d)(2)(A)(ii); United States v. Aisenberg, 358 F.3d 1327, 1342 (11th Cir. 2004).  The Commissioner does not contest that a cost of living increase justifies a higher fee proportional to the increase in the Consumer Price Index ("CPI"), a monthly calculation of the prices paid by urban consumers for a representative basket of goods and services.  See United States Department of Labor, Bureau of Labor Statistics, *Consumer Price Index*, http://www.bls.gov/cpi/.  Here, Plaintiff claims an hourly rate, CPI adjusted for each month in which services were performed, of $187.44 per hour for attorney work and $80.00 per hour for paralegal work.  Applying these hourly rates to the 40.70 hours of attorney legal services and 7.70 paralegal services performed in this matter, the Court concludes that attorney's fees in the amount of $8,244.80 are reasonable and are based on a reasonable hourly rate.  Reimbursement of Court filing fees in the amount of $15.39 is also warranted.

C.     Payment of EAJA Fees

The Supreme Court held in Astrue v. Ratliff that the prevailing party, not the prevailing party's counsel, is eligible to recover attorney fees under the EAJA as part of the party's litigation expenses.  560 U.S. 586, 591-93 (2010) (citing 28 U.S.C. § 2412(d)(1), (d)(2)(A)); see also Panola Land Buying Ass'n v. Clark, 844 F.2d 1506, 1509-11 (11th Cir. 1988) (awarding EAJA fees to the prevailing plaintiff, not its counsel, in accordance with the specific language of the EAJA). The Eleventh Circuit in Reeves v. Astrue has held that the plaintiff, not the plaintiff's attorney, is the "prevailing party" within the meaning of the EAJA. Reeves v. Astrue, 526 F.3d 732, 736 (11th Cir. 2008).  The Reeves court stated that the EAJA statute "plainly contemplates that the prevailing party will look to the opposing party for costs incurred, while attorneys and other service providers must look to the [prevailing] party for compensation for their services." Id.

The Supreme Court in Ratliff acknowledged that until 2006, the government "frequently paid EAJA fees in social security cases directly to attorneys"; however, since 2006, the government has continued the direct payment practice "only in cases where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." Ratliff, 130 S. Ct. at 2528-29 (internal

quotation marks omitted).[1]  Plaintiff executed a waiver stating he waives direct payment of the EAJA fees and assigns the fees to paid directly to his attorney.  If Plaintiff does not have a debt registered with the Department of Treasury subject to offset, the Commissioner is required to pay the EAJA fees directly to Plaintiff's counsel.

## III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 [15] is **GRANTED** and the Commissioner is **DIRECTED** to transmit to counsel for Plaintiff a check in the amount of $8,260.19.

**SO ORDERED** this 11th day of October, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[1]  The rulings in <u>Ratliff</u> and <u>Reeves</u> both support that an award of EAJA attorney's fees may be offset by the government where the plaintiff owes a pre-existing debt to the United States.  <u>See</u> <u>Ratliff</u>, 130 S. Ct. at 2524 (discussing government's authority to use administrative offsets); <u>Reeves</u>, 526 F.3d at 732 n.3 (finding that the EAJA attorney fee award was subject to the plaintiff's debt under the Debt Collection Improvement Act, 31 U.S.C. §§ 3701, 3716(a)); <u>see also</u> 31 C.F.R. § 285.5 (detailing the centralized offset of federal payments to collect nontax debts owed to the United States).